

# MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

| | | |
|---|---|---|
| **John J. Levy**<br>Senior Counsel<br>Admitted in: New Jersey, New York &<br>Pennsylvania{}Certified by the Supreme<br>Court of New Jersey as a Civil Trial Attorney | LibertyView<br>457 Haddonfield Road, Suite 600<br>Cherry Hill, NJ 08002-2220<br>Tel: 856-488-7700 | Direct Dial:   856-488-7739<br>Fax:           856-488-7720<br>Email:         jlevy@mmwr.com |

November 30, 2023

Hon. James B. Clark, III
United States Magistrate Judge
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: **In the Matter of the Complaint of Grimaldi Deep Sea S.p.A. as Owner/Operator of M/V Grande Costa D'Avorio for Exoneration From or Limitation of Liability**
<u>**Civil Action No. 2:23-cv-20340-JXN-JBC**</u>

Dear Magistrate Judge Clark:

    We represent Plaintiff, Grimaldi Deep Sea S.p.A. ("Grimaldi"), the registered owner of the vessel, M/V *Grande Costa D'Avorio,* in the above-referenced Limitation Action[1]. Please accept this letter brief in lieu of a more formal brief in support of Plaintiff's motion pursuant to Fed. R. Civ. P. 27(d)(1) for an Order to allow limited discovery before the Rule 26 conference.

    Grimaldi's Limitation Complaint was filed on September 13, 2023 (Dkt. #1) On October 11, 2023, the Honorable Julien X. Neals set a deadline of April 26, 2024 for claims to be submitted in the Limitation Action by any person who may have suffered a loss as a result of a July 5, 2023 fire on board the ship. (Dkt. #11)

    In the fire, two firefighters lost their lives, and the ship was badly damaged, so we fully expect that claims will be filed on or before the April 26, 2024 deadline. Claimants in the

---

[1] An action brought under the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*

Montgomery McCracken Walker & Rhoads LLP

Hon. James B. Clark, III
November 30, 2023
Page 2

Limitation Action may also assert third-party complaints against parties other than Plaintiff, whom they believe caused or contributed to their losses.

The April 26, 2024 deadline for claims creates a long and unnecessary delay before any discovery may be conducted. The Rule 26 (f) conference, the usual starting line for discovery, will likely not be scheduled until well after the claims deadline. Rule 26 (d)(1) allows the Court to enter an order permitting discovery before the conference.

There is an opportunity to conduct some modest discovery now that will move the case forward while we wait for claims to be filed. Specifically, Grimaldi seeks permission from the Court to issue Rule 45(c)(2)(A) subpoenas (no depositions, just the production of documents related to the ship fire) to four entities: American Maritime Services of New York ("AMS"), Ports America, Inc., the City of Newark and The Port Authority of New York and New Jersey ("PANYNJ").

The subpoenas would compel AMS, Ports America, the City of Newark, and PANYNJ to produce documents that Grimaldi had requested, but were not produced, in a related proceeding AMS brought on August 1, 2023, to preserve evidence: *In the Matter of the Verified Petition of American Maritime Services of New York to Preserve Evidence in Aid of Anticipated Litigation Pursuant to Rule 27 Fed. R. Civ. P.*, Civil Action No. 2:23-cv-04109-EP-JRA (the "Rule 27 Proceeding").

I respectfully request that the Court review my Affidavit submitted with this motion, which explains in detail the facts supporting the motion, which I will try not to repeat here.

Federal Rule of Civil Procedure 26(d)(1) provides that '[a] party may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f).'" *Strike 3 Holdings, LLC v. Doe*, No. 23CV21493ESMAH, 2023 WL 7273722, at *1 (D.N.J. Nov. 3, 2023) (citations omitted)(a copy of Magistrate Judge Hammer's opinion is attached). "The Court has the discretion, however, to grant leave to conduct discovery prior to that conference." *Id.*

A showing of "good cause" is the only burden on Plaintiff in this jurisdiction to obtain "early" discovery. *Id.* Here, there is no prejudice to AMS, Ports America, the City of Newark, or The PANYNJ, as they are only being asked to produce documents that would have been produced on September 29, 2023, pursuant to the stipulation and Order of Judge Padin in the Rule 27 Proceeding, but for the September 26, 2023 Order entered by Judge Neals staying all other suits

Montgomery McCracken Walker & Rhoads LLP

Hon. James B. Clark, III
November 30, 2023
Page 3

related to the fire. (Dkt. #5) All discovery in the Rule 27 Proceeding, with one exception[2], ceased when the stay order was entered.

The production of the documents by subpoena now is smart because it allows limited, but very important, discovery to take place during this lengthy gap in meaningful progress on the case. Otherwise, this case will be at least 7-8 months old before it gets moving. An order granting this motion is a simple and good use of judicial resources and will help the case move along.

There are no claimants and therefore no parties yet to the Limitation Action, except for Grimaldi. Nonetheless, I will serve this motion upon all counsel for the parties in the Rule 27 Proceeding, which included AMS, Ports America, the City of Newark, The PANYNJ and representatives of the estates of the deceased firefighters.

Respectfully submitted,

*s/John J. Levy*

John J. Levy

JJL:med
cc: John F. Karpousis, Esq. - karpousis@freehill.com
J. Tanner Honea, Esq. - honea@freehill.com
Matthew J. Pallay, Esq.- pallay@freehill.com
Gino A. Zonghetti, Esq. - gzonghetti@kdvlaw.com
Robert A. Suarez, Esq. - Robert.Suarez@kdvlaw.com
Gary S. Lipshutz, Esq. - lipshutzg@ci.newark.nj.us
Mark A. Apostolos, Esq. - MApostolos@triallaw1.com
Thomas L. Tisdale, Esq. – ttisdale@tisdale-law.com
Timothy J. Nast, Esq. – tnast@tisdale-law.com
Paul Kim, Esq. – paul.kim@squirepb.com
John J. Reilly, Esq. – john.reilly@squirepb.com
Timothy Semenoro, Esq. – tsemenoro@mmwr.com
Robert O'Connor, Esq. – roconnor@mmwr.com

---

[2] After the stay order was entered, Grimaldi agreed to allow the parties to attend and participate in certain inspections of the vessel while it is being repaired at an overseas drydock. One such inspection has already taken place.

6383639v1

2023 WL 7273722
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

STRIKE 3 HOLDINGS, LLC
v.
John DOE subscriber assigned IP address 72.79.126.209

Civil Action No. 23-cv-21493 (ES) (MAH)
|
Signed November 3, 2023

**Attorneys and Law Firms**

John C. Atkin, The Atkin Firm, LLC, Morristown, NJ, for Strike 3 Holdings, LLC.

**LETTER OPINION AND ORDER**

Michael A. Hammer, UNITED STATES MAGISTRATE JUDGE

**\*1** Dear Counsel:
This Letter Opinion and Order will address Plaintiff Strike 3 Holdings, LLC's motion for leave to serve a third-party subpoena to ascertain the identity of the subscriber assigned Internet Protocol ("IP") address 72.79.126.209 for the dates relevant to the Complaint. Plaintiff seeks to obtain this information before the Federal Rule of Civil Procedure 26(f) scheduling conference in this matter. Pl.'s Br. in Supp. of Mot., Oct. 31, 2023, D.E. 5-1, at 1. The Court has considered Plaintiff's submission and, pursuant to Federal Rule of Civil Procedure 78, has decided the motion without oral argument. For the reasons set forth below, the Court will grant the motion.

**I. BACKGROUND**
Plaintiff Strike 3 Holdings, LLC is a Delaware limited-liability company that claims ownership of certain United States copyright registrations. Compl., Oct. 25, 2023, D.E. 1, at ¶¶ 2-4, 11, 28, 33. Plaintiff alleges that Defendant illegally distributed Plaintiff's copyrighted works via the BitTorrent peer-to-peer file-sharing system, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*[1] *Id.* ¶¶ 4, 6, 17-49.

Plaintiff asserts that it does not know Defendant's identity; it knows only that the infringing acts alleged in the Complaint were committed using IP address 72.79.126.209. *Id.* ¶¶ 5, 12. Plaintiff therefore seeks leave to issue a subpoena to the appropriate Internet Service Provider ("ISP"), in this case, Verizon Internet Services. Pl.'s Br. in Supp. of Mot., D.E. 5-1, at 1. Plaintiff asserts that the ISP, having assigned that IP address, can compare the IP address with its records to ascertain Defendant's identity. *Id.* at 1-2. Plaintiff contends that this information is necessary because without it, Plaintiff will have no means of determining the true identity of Defendant, and, consequently, will not be able to serve Defendant John Doe and protect its copyrights. *Id.*

**II. LEGAL STANDARD AND ANALYSIS**
Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f)." The Court has the discretion, however, to grant leave to conduct discovery prior to that conference. *Id.* In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at \*3 (D.N.J. May 17, 2006) (quoting *Ent. Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440, at \*4 (E.D. Pa. Oct. 2, 2003)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test. *See, e.g., In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 87, 93 (E.D.N.Y. 2012); *Pac. Century Int'l Ltd. v. Does*, No. 11-2533, 2011 WL 5117424, at \*2 (N.D. Cal. Oct. 27, 2011). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

**\*2** Courts in this District have applied the "good cause" analysis and permitted early but limited discovery under analogous circumstances. In *Malibu Media, LLC v. Does*, for example, the plaintiff sought leave to serve third-party subpoenas to discover the name, address, telephone number, email address, and Media Access Control ("MAC") addresses of various John Doe defendants. No. 12-7615, 2013 WL

12407010, at *1 (D.N.J. Feb. 26, 2013). In that case, the Court recognized that competing interests were at play. *Id.* at *4. On the one hand, the plaintiff claimed to be the owner of copyrighted works entitled to protection. *Id.* On the other, the release of more broad and intrusive information "could impose an undue burden on individuals who may have provided their information to an ISP, but who did not engage in the alleged illegal distribution of [the p]laintiff's work." *Id.* at *3. The Court struck a balance by granting the plaintiff's request for early discovery but permitting the plaintiff to issue subpoenas seeking only information necessary to allow it to continue prosecuting its claims: the IP address account holder's name and address. *Id.* at *4. Other courts in this District have undergone the same analysis and imposed similar limitations. *See, e.g., Malibu Media LLC v. Doe*, No. 14-3874, slip op. at ¶ 7 (D.N.J. Sept. 2, 2014) (limiting subpoena's scope to "the name and address of Defendant"); *Malibu Media, LLC v. Doe*, Civ. No. 13-4660, slip op. at p. 2 (D.N.J. Aug. 19, 2013) (same); *Voltage Pictures v. Does*, No. 12-6885, 2013 WL 12406868, at *4 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address, and MAC address associated with a particular IP address).

There is good cause to permit limited discovery prior to the Rule 26(f) conference in this case. The information requested by Plaintiff is necessary to allow Plaintiff to identify the appropriate defendant, and to effectuate service of any Amended Complaint. The Court certainly recognizes that the IP account holder might not be personally responsible for the alleged infringement. However, the IP account holder might possess information that assists in identifying the alleged infringer, and thus that information is discoverable under the broad scope of Rule 26. *Malibu Media, LLC v. Does*, No. 12-07789, 2013 U.S. Dist. LEXIS 183958, at *24 (D.N.J. Dec. 18, 2013).

The Court therefore holds that Plaintiff may serve Verizon Internet Services with a subpoena pursuant to Federal Rule of Civil Procedure 45 that is limited to obtaining the name and address of the subscriber of IP address 72.79.126.209. That limited scope serves the purposes outlined above, while also taking into consideration the impact that disclosure might have on a subscriber who is not personally responsible for the alleged infringement. Plaintiff may not seek the subscriber's telephone numbers, email addresses, or MAC addresses. Plaintiff shall attach a copy of this Letter Opinion and Order to the subpoena. Plaintiff shall limit its use of the information to this litigation, and Plaintiff shall be prepared to provide copies of the responsive information to any defendant who enters an appearance in this case.[2]

So Ordered.

**All Citations**

Slip Copy, 2023 WL 7273722

---

### Footnotes

1   Plaintiff asserts that it detected Defendant's copyright violations using its infringement detection system, VXN Scan. Compl., D.E. 1, ¶¶ 27-39. In the Complaint, Plaintiff explains that "while Defendant was using the BitTorrent file distribution network, VXN Scan established direct TCP/IP connections with Defendant's IP address" and downloaded one or more pieces of Plaintiff's copyrighted material from Defendant. *Id.* ¶¶ 29-37.

2   Before filing an Amended Complaint naming a specific individual as a defendant, Plaintiff shall ensure that it has an adequate factual basis to do so. The Court does not find or suggest that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims by permitting this discovery.