292-23/JFK
John F. Karpousis
J. Tanner Honea
Matthew J. Pallay
FREEHILL HOGAN & MAHAR LLP
103 Eisenhower Parkway, Suite 400
Roseland, New Jersey 07068
(212) 425-1900
*Attorneys for Claimant/Third-Party Defendant*
*American Maritime Services of New York, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------x
IN THE MATTER OF THE COMPLAINT
OF GRIMADLI DEEP SEA SPA AS
OWNERS/OPERATOR OF THE M/V
GRANDE COSTA D'AVORIO FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY

-----------------------------------------------------x

Civil Action No. 2:23-cv-20340

**CLAIMANT/THIRD-PARTY DEFENDANT AMERICAN MARITIME SERVICES OF NEW YORK, INC.'S ANSWER TO LIMITATION COMPLAINT**

Claimant/Third-Party Defendant American Maritime Services of New York, Inc. (hereinafter "Claimant" or "AMS"), by and through its attorneys, FREEHILL HOGAN & MAHAR LLP, hereby answers the Complaint of Grimaldi Deep Sea S.p.A. (hereinafter "Grimaldi" or "Petitioner") as Owner and Operator of the M/V GRANDE COSTA D'AVORIO (the "Vessel") for Exoneration From or Limitation of Liability (hereinafter the "Complaint"), and in support thereof, alleges upon information and belief as follows in response to each allegation of Petitioner:

**<u>ANSWER TO COMPLAINT</u>**

1.  Paragraph 1 contains a legal assertion to which no admission or denial is required, but, to the extent a response is required, Claimant admits that the Complaint alleges claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty

610584.1

and maritime jurisdiction of the United States and this Honorable Court, but except as so specifically admitted, denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. Paragraph 2 contains a legal assertion to which no admission or denial is required, but, to the extent a response is required, Claimant admits that the Vessel was present within the jurisdiction of this Court at the time of filing, but except as so admitted, Claimant denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph 2 of Complaint.

3. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 3 of Complaint.

4. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 4 of Complaint.

5. Denies the allegations contained in paragraph 5 of Complaint.

6. Admits the allegations contained in paragraph 6 of Complaint.

7. Admits the allegations in paragraph 7 of the Complaint to the extent that AMS personnel loaded vehicles onto the Vessel on July 5, 2023, but denies that AMS "operated" the berth, the meaning of which is unclear and ambiguous and denies the remaining allegations.

8. Admits the allegations in paragraph 8 of the Complaint to the extent that AMS personnel loaded vehicles onto the Vessel on July 5, 2023.

9. Admits the allegations in paragraph 9 of the Complaint to the extent that AMS personnel used a Jeep Wrangler to push certain vehicles onto the Vessel on July 5, 2023.

10. Admits the allegations in paragraph 10 of the Complaint.

11. Denies the allegations in paragraph 11 of the Complaint because reference to "certain maintenance and repair responsibilities" and "safe operation" are unclear and ambiguous.

12. Admits the allegations in paragraph 12 to the extent that on the evening of July 5, 2023, a fire occurred in the vicinity of a Jeep Wrangler being driven by AMS personnel on Deck 10 of the Vessel, but except as so admitted, denied.

13. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 13 of Complaint.

14. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 14 of Complaint.

15. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 15 of Complaint.

16. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 16 of Complaint.

17. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 17 of Complaint.

18. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 18 of Complaint.

19. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 19 of Complaint.

20. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 20 of Complaint.

610584.1

21. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 21 of Complaint.

22. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 22 of Complaint.

23. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 23 of Complaint.

24. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 24 of Complaint.

25. Denies the allegations contained in paragraph 25 of Complaint.

26. Denies the allegations contained in paragraph 26 of Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint that discovery pursuant to Rule 27 is ongoing and denies that AMS's claim for indemnity is premature, but except as so denied, AMS denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph 27 of Complaint.

28. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 28 of Complaint

29. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 29 of Complaint.

30. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 30 of Complaint.

31. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 31, or subparts a – c, of Complaint.

32. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 32 of Complaint.

33. Denies the allegations contained in paragraph 33 of Complaint.

34. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 34 of Complaint.

35. Denies the conclusory paragraph beginning "WHEREFORE," and the subsequent requests for relief delineated in separate paragraphs numbered A – E of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

36. The Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

37. Claimant reserves the right to contest Petitioner's alleged valuation and appraisal of the Vessel.

### THIRD AFFIRMATIVE DEFENSE

38. Grimaldi is not entitled to exoneration from or limitation of liability in the instant case because at all relevant times, the Vessel was known by Petitioner to be unseaworthy and that unseaworthiness caused and/or contributed to Claimant's injuries and damages and the injuries and damages of Third-Party Plaintiffs described in Dkt. No. 23.

### FOURTH AFFIRMATIVE DEFENSE

39. The incident and resulting damages which are the subject of Petitioner's Complaint were caused by the fault, negligence, breach of warranty, statutory and regulatory violations of Petitioner, their agents, servants, contractors, and/or employees, and/or the

610584.1

unseaworthiness of the Vessel, all of which was within the privity and knowledge of Petitioner and, therefore, Petitioner's prayer for exoneration from or limitation of liability must be denied.

### FIFTH AFFIRMATIVE DEFENSE

40. Prior to, and at all times referenced in the Complaint, the Petitioner, as owner and/or operator of the Vessel, failed to exercise due diligence to make and maintain the Vessel in all respects seaworthy; and said vessel was not in fact tight, staunch, strong and properly or competently manned, equipped and supplied, and was not seaworthy, nor fit and proper for the service in which she was engaged.

### SIXTH AFFIRMATIVE DEFENSE

41. The alleged fire aboard the Vessel that culminated in the injuries and damages of Claimant and Third-Party Plaintiffs was the result of negligence, fault, or want of due care on the part of Petitioner and/or those for whom Petitioner is responsible, and/or the unseaworthiness of the Vessel, all of which was within the privity and knowledge of Petitioner, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

### SEVENTH AFFIRMATIVE DEFENSE

42. The incident and resulting damages which are the subject of Petitioner's Complaint were the result of the negligence of Petitioner in its capacity as owner and/or operator of the Vessel, and was the result of violations of applicable Federal, Safety, and Operating Regulations and/or Statutes.

### EIGHTH AFFIRMATIVE DEFENSE

43. The injuries and/or damages referred to in Petitioner's Complaint were caused or contributed to by the negligence of the Petitioner in its capacity as owner and/or operator of the Vessel.

610584.1

### NINTH AFFIRMATIVE DEFENSE

44. The events culminating in the injuries and damages sustained by and alleged against Claimant were not the result of any negligence, fault, want of due care, or breach of any duty or obligation owed on the part of Claimant or Claimant's agents.

### TENTH AFFIRMATIVE DEFENSE

45. In filing this Answer and Claim, Claimant specifically reserves all rights, claims, defenses, and remedies in accordance with federal and state law, including 28 U.S.C. § 1333, and the filing of this Answer and claim is in no way a waiver of this or any other right or defense.

### ELEVENTH AFFIRMATIVE DEFENSE

46. Claimant specifically reserves all rights to pursue all available claims whether under federal or state law, and no part of this Answer and Claim shall be construed to be a waiver of these rights.

47. Claimant reserves the right to amend its Answer in accordance with the Federal Rules of Civil Procedure and any relevant order of this Court.

### CLAIM AGAINST PETITIONER

48. Specifically reserving all rights and defenses asserted herein, Claimant makes this claim pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims against Grimaldi as owner and operator of the Vessel and in support thereof avers as follows:

49. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h).

50. AMS is a corporation organized and existing under the laws of New Jersey, with an office and principal place of business at 171 Marsh Street, Port Newark, New Jersey 07114.

51. At all times, Petitioner Grimaldi Deep Sea S.p.A. was the owner and operator of

the M/V GRANDE COSTA D'AVORIO.

52. On July 5, 2023, a fire occurred aboard the M/V GRANDE COSTA D'AVORIO (the "Incident"), and at the time of the incident, AMS was loading vehicles onto the Vessel for carriage overseas.

53. Petitioner, its agents and/or employees were negligent and its Vessel was unseaworthy, causing the fire to burn in an uncontrolled manner for several days and resulting in damages and injuries to Claimant and to other persons, including Third-Party Plaintiffs Acabou and Brooks as alleged in their Third-Party Complaint. (Dkt. No. 23).

54. On September 5, 2023, Petitioner filed the Complaint for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act"). (Dkt. No. 1).

55. On October 3, 2023 the Court issued an Amended Order restraining all other suits and requiring all persons asserting claims or suits arising out of the Incident to file claims within this action on or before April 26, 2024, and therefore Claimant's claim is timely. (See Dkt. No. 7).

56. Claimants/Third-Party Plaintiffs Brooks and Acabou, and their representatives and estates (collectively, "Third-Party Plaintiffs"), filed an Amended Answer and Third-Party Complaint alleging claims against AMS, among other parties, for injuries and damages sustained during the Incident. (Dkt. No. 23).

57. If any loss, injury, or damage resulted from the Incident, same was a result of acts and/or omissions of Petitioner, its agents and/or employees, and/or the Vessel, for whose conduct Claimant is not responsible.

58. To the extent Claimant has any liability whatsoever, whether by judgment or

settlement, for the claims and potential claims asserted by Third-Party Plaintiffs or any Third-Party Defendant or Petitioner Grimaldi arising out of the Incident, then Claimant is entitled to be fully indemnified by Petitioner with respect to any liabilities or expenses that might be adjudged, settled, or incurred.

59. If any verdict or judgment is recovered against Claimant for any loss, injuries and/or damages as alleged in Petitioner's Complaint or otherwise, such loss, injuries and/or damages were not the result of any negligent act or omission by Claimant, but were caused in whole or in part by reason of the negligence, breaches, and/or culpable conduct of Petitioner, its agents and/or employees, and/or others, and Claimant is therefore entitled to dismissal or reduction by contribution or otherwise, of any recovery had by any party, in proportion to the culpable conduct attributable to Petitioner, its agents and/or employees, and/or others.

60. By reason of the foregoing, if any verdict or judgment is recovered against Claimant, Claimant demands contribution from Petitioner, and/or others, in an amount equal to their proportionate share of liability as will be adjudged by the trier of fact.

61. By reason of the foregoing, if any verdict or judgment is recovered against Claimant, Claimant is entitled to judgment over and against and to be indemnified by Petitioner, its agents and/or employees, and/or others, for the entire amount of any such verdict or judgment recovered against Claimant, as well as costs and attorneys' fees in defending the action on behalf of Claimant.

WHEREFORE, Claimant AMS demands:

  a. Judgment in its favor, denying the Petition for Exoneration From or Limitation of Liability of Petitioner, and dismissing Petitioner's proceeding with prejudice;

610584.1

b. That judgment be entered in favor of Claimant AMS, and against Petitioner, for any and all loss, injuries and/or damages, if any, of any claimant, as may be finally determined by this Court;

c. That Claimant AMS be awarded full indemnity or contribution from Petitioner, for any and all verdicts or judgments against Claimant arising out of the alleged incident;

d. That Claimant AMS be awarded costs and reasonable attorneys' fees; and

e. That this Court grant such other and further relief as may be just and proper.

Dated: Roseland, New Jersey
April 26, 2024

FREEHILL HOGAN & MAHAR LLP

By: _____
John F. Karpousis (karpousis@freehill.com)
J. Tanner Honea (honea@freehill.com)
Matthew J. Pallay (pallay@freehill.com)
103 Eisenhower Parkway, Suite 400
Roseland, NJ 07068
Tel: (973) 623-5514
*Attorneys for Claimant/Third-Party Defendant AMS*

TO: **VIA ECF**

Mark A. Apostolos, Esq.
Sullivan Papain Block McGrath Coffinas & Cannavo P.C.
25 Main Street, Suite 602,
Hackensack, New Jersey 07601
T:(201)342-0037 | F:(201)342-6461
*MApostolos@triallaw1.com*
*Attorneys for Third-Party Plaintiffs Brooks and Acabou*

Vincent DeOrchis, Esq.
John J. Levy, Esq.
Timothy Semenoro, Esq.
Montgomery McCracken Walker & Rhoads LLP

610584.1

437 Madison Avenue
New York, NY, 10022.
tsemenoro@mmwr.com
VDeOrchis@mmwr.com
*Attorneys for Petitioner Grimaldi Deep Sea S.p.A.
and M/V COSTA GRANDE D'AVORIO*

Gary S. Lipshutz, Esq.
City of Newark Department of Law
920 Broad Street, Room 316
Newark, New Jersey 07102
T: (973) 733-5945 | F: (973) 733-5394
*lipshutzg@ci.newark.nj.us*
*Attorney for the Third-Party Defendant
The City of Newark*

Gino Zonghetti, Esq.
Robert Suarez, Esq.
Kaufman Dolowich Voluck
Court Plaza North, 25 Main Street, Suite 500,
Hackensack, NJ 07601
gzonghetti@kdvlaw.com
robert.suarez@kdvlaw.com
*Attorneys for Third-Party Defendants Ports America*

Paul Myung Han Kim, Esq.
Squire Patton Boggs (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
T: (212) 872-9800
*paul.kim@squirepb.com*
*Attorneys for Third-Party Defendant
The Port Authority of New York and New Jersey*

610584.1