**PASHMAN STEIN WALDER HAYDEN, P.C.**
RAYMOND M. BROWN, ESQ. (010891974)
MICHAEL J. ZOLLER, ESQ. (#024532011)
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for City of Newark*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GRIMALDI DEEP SEA S.P.A. AS OWNERS/OPERATOR OF THE M/V GRANDE COSTA D'AVORIO FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No. 2:23-cv-20340- JXN-JBC<br><br>Filed Electronically<br><br>Motion Day:  September 4, 2024 |

**CITY OF NEWARK'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS THE THIRD-PARTY COMPLAINT OF MARIA ACABOU, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF AUGUSTO ACABOU, DECEASED, AND MICHELLE BROOKS INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF WAYNE BROOKS, JR., DECEASED**

On the Brief
Michael J. Zoller, Esq.

# **TABLE OF CONTENTS**

OVERVIEW ...................................................................................................................1

PROCEDURAL HISTORY RELEVANT TO THE PRESENT MOTION ...............2

ARGUMENT .................................................................................................................3

   I.   The WCA is Not Hostile to Maritime Law and thus is Applicable .................3

CONCLUSION ..............................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

Askew v. American Waterways Operators, Inc.,
　411 U.S. 325 (1973)..................................................................................3

Brower v. ICT Group,
　164 N.J. 367 (2000) .................................................................................4

Est. of Kotsovska ex rel. Kotsovska v. Liebman,
　221 N.J. 568 (2015) ..............................................................................3, 4

Fitzgerald v. Tom Coddington Stables,
　186 N.J. 21 (2006) ...................................................................................4

Morrow v. MarineMax, Inc.,
　731 F. Supp. 2d 390 (D.N.J. 2010) ..........................................................5

Peter v. Hess Oil Virgin Islands Corp.,
　903 F.2d 935 (3d Cir. 1990).....................................................................3

Purnell v. Norned Shipping B.V.,
　801 F.2d 152 (3d Cir. 1986).....................................................................5

Tlumac v. High Bridge Stone,
　187 N.J. 567 (2006) .................................................................................4

Verplanck Fire Dist.,
　687 F. Supp. 3d 382 (S.D.N.Y. 2023).......................................................6

Yamaha Motor Corp., U.S.A. v. Calhoun,
　516 U.S. 199 (1996) .................................................................................6

**Statutes**

19 Del.C. § 2310 .............................................................................................5

N.J.S.A. 34:15-2..............................................................................................4

N.J.S.A. 34:15-4..........................................................................................3, 5

N.J.S.A. 34:15–7 ............................................................................................................4

N.J.S.A. 34:15-8 ............................................................................................................1

Third-Party Defendant the City of Newark ("Newark") by its attorneys Pashman Stein Walder Hayden, P.C., submits this reply brief in further support of its motion dismiss the third-party complaint filed by third-party defendants Maria Acabou, individually and as Administrator of the Estate of Augusto Acabou, deceased, and Michelle Brooks individually and as Administrator of the Estate of Wayne Brooks, Jr., deceased (collectively the "Estates") (Dkt. 23). The Estates' third-party complaint asserts both state common law and federal maritime law claims against Newark. As set forth in Newark's moving papers (Dkt. 76), and explained further below, the Estates' claims are barred under New Jersey's Workers' Compensation Act, N.J.S.A. 34:15-8 ("WCA") and should be dismissed.

## OVERVIEW

New Jersey's WCA is the exclusive remedy for New Jersey employees to recover for injuries and wrongful death suffered while engaged in their respective employment. Tragically, two Newark firefighters lost their lives fighting a fire that broke out on a vessel docked at the Port of Newark. As firefighters who died bravely doing their job, the appropriate avenue for their Estates to seek recovery is under the WCA, not via litigation against Newark. The WCA provides a guaranteed mechanism of redress to the Estates; it does not conflict with the federal maritime law. Both the WCA and the federal maritime law seek to accomplish the same end goal by providing an avenue for recovery for wrongful death, albeit in different

1

ways. Nothing in the WCA abrogates the Estates' substantive rights; as such, there is no issue of supremacy. Because the WCA provides an adequate mode of relief to the Estates, in an expedited and guaranteed fashion, and New Jersey has an interest in the application of the WCA to claims such as these, the statute should govern and bar the Estates' claims against Newark.

## PROCEDURAL HISTORY RELEVANT TO THE PRESENT MOTION

On April 8, 2024, the Estates filed an amended third-party complaint asserting claims against Newark (Dkt. 23). On May 9, 2024, Newark filed the instant motion to dismiss the Estates' third-party complaint (Dkt. 76). The Estates filed an opposition to Newark's motion on June 14, 2024 (Dkt. 108). In their opposition, the Estates do not oppose the portion of Newark's motion that seeks to dismiss the City of Newark Fire Department as a separately named defendant nor the portion of the motion that seeks to dismiss the Estates' state law claims. (Dkt. 76 at p. 1). Therefore, the only portion of Newark's motion that is in dispute is whether the Estates' claim against Newark sounding in general maritime law should be dismissed. Third-party defendants American Maritime Services of New York, Inc. ("AMS") and Ports America, Inc. ("Ports America") filed oppositions on June 17, 2024 (respectively, Dkt. 110 and 111). Plaintiff Grimaldi Deep Sea S.p.A ("Grimaldi") filed an opposition to the motion on June 18, 2024 (Dkt. 112). The present brief is being filed in further support of the motion to dismiss the Estates' third-party complaint against

2

Newark. For the reasons set forth below, and in Newark's moving papers, the motion should be granted.

## ARGUMENT

### I. The WCA is Not Hostile to Maritime Law and thus is Applicable

The opposing parties argue that applying the WCA bar on suing an employer would limit the Estates' rights under federal maritime law, but this is not true. Although a cause of action for wrongful death is available under general maritime law, recovery for wrongful death is also available under the WCA. N.J.S.A. 34:15-4 ("[t]he provisions of this article shall apply to any claim for the death of an employee…"). The WCA does not nullify any substantive federal right. Nowhere do the opposition briefs explain precisely how application of New Jersey's WCA would deprive the Estates of the substantive right otherwise afforded by general maritime law in recognizing a cause of action for a wrongful death claim. The two laws can coexist. Peter v. Hess Oil Virgin Islands Corp., 903 F.2d 935, 951 (3d Cir. 1990) ("the Supreme Court has counseled courts not to strike down state regulation in the admiralty area, 'absent a clear conflict with the federal law.'") (quoting Askew v. American Waterways Operators, Inc., 411 U.S. 325, 341 (1973)).

The WCA was enacted "to address the variety of difficulties workers encountered in attempting to recover in tort against their employers for work-related injuries." Est. of Kotsovska ex rel. Kotsovska v. Liebman, 221 N.J. 568, 583 (2015).

3

"The legislature sought to accomplish this by 'establish[ing] a no fault system of compensation for workers who are injured or contract a disease in the course of employment.'" Id. at 583-584 (quoting Fitzgerald v. Tom Coddington Stables, 186 N.J. 21, 31 (2006)). The WCA "provides employees who have sustained work-related injuries medical treatment and limited compensation "'without regard to the negligence of the employer.'" Id. at 584 (quoting N.J.S.A. 34:15–7). "[T]he remedial purpose of the [WCA is] to make benefits readily and broadly available to injured workers through a non-complicated process." Tlumac v. High Bridge Stone, 187 N.J. 567, 573 (2006). "As remedial legislation, our courts have interpreted the Act broadly to achieve the goal of 'affording coverage to as many workers as possible.' Generally, the injured employee is entitled to recover workers' compensation benefits regardless of fault." Id. at 571–72 (quoting Brower v. ICT Group, 164 N.J. 367, 373 (2000)).

Under the WCA, the Estates would get expedited access to the benefits available under the state's comprehensive statutory scheme. Otherwise, the Estates have to engage in a complicated and lengthy litigation process to *potentially* recover wrongful death damages against Newark. In litigation, Newark has defenses it can assert to the Estates' claims, whereas under the WCA, most defenses are abolished. N.J.S.A. 34:15-2. In that regard, applying the WCA is beneficial to the Estates.

4

The opposition briefs rely on Purnell v. Norned Shipping B.V., 801 F.2d 152 (3d Cir. 1986), cert. denied 480 U.S. 934 (1987) to claim the Third Circuit has previously determined that a state's worker's compensation act cannot act as a bar to a maritime claim. Purnell is distinguishable from this case because in reaching its decision, the Third Circuit relied on the wording of Delaware's worker's compensation act, "[m]oreover, we believe that Delaware, in its workmen's compensation statute, has recognized the preemption principles articulated in Thibodaux." Id. at 156. The Delaware act, which obviously is not applicable here, "expressly stipulates that its provisions do not apply to workers 'injured or killed while engaged in interstate or foreign commerce, or to their employers, whenever the laws of the United States provide for compensation or for liability for such injury or death.'" Id. (quoting 19 Del.C. § 2310). Unlike the Delaware Act, however, the New Jersey WCA does apply to wrongful death claims: "[t]he provisions of this article shall apply to any claim for the death of an employee…" N.J.S.A. 34:15-4. So, the holding in Purnell is not informative to the analysis.

Likewise, the oppositions' reliance on Morrow v. MarineMax, Inc., 731 F. Supp. 2d 390 (D.N.J. 2010) is misplaced. In holding that the WCA must cede to the plaintiff's maritime claim, the court noted that "*it appears* that the state law would deprive' Plaintiff of a 'substantive admiralty right[ ] as defined ... by interpretive decisions of [the Supreme] Court.'" Id. at 399 (citation omitted) (emphasis added).

5

That is not the case here. The Estate can receive wrongful death damages under the WCA, so it is not deprived of any substantive right via application of the WCA.

In the recent decision of Matter of Verplanck Fire Dist., 687 F. Supp. 3d 382 (S.D.N.Y. 2023), the Southern District of New York found that a general maritime law claim for negligence was barred by a volunteer firefighter state benefit law, akin to the WCA, which limited the right to recovery to the statutory provisions. Id. at 392-393. In Verplanck, a volunteer firefighter was injured while performing his duties on a firefighting boat. In reviewing the plaintiff's general maritime claim, the court noted that "[a]lthough this is an admiralty action, '[t]he exercise of admiralty jurisdiction ... does not result in automatic displacement of state law.'" Id. at 392 (quoting Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 206 (1996)). The court then held that "[t]here is no indication that application of the VFBL to bar Claimant's general maritime negligence claim would impact the uniform application of maritime law." Id. at 393. "The exclusive remedy provision of the VFBL is not therefore preempted by federal maritime law and Claimant's general maritime negligence claim is barred as a result of his receipt of benefits under the VFBL." Id.

The same rationale is true here. There is no indication that applying the WCA's bar against bringing claims against the firefighters' employer will impact the uniform application of maritime law. The Estates can still recover for wrongful death

damages under the WCA. As in Verplanck, the applicable state law should not be preempted and thus the Estates' claims against Newark should be dismissed.

## CONCLUSION

For the reasons set forth above, and in Newark's moving papers, the motion to dismiss the Estates' claims against Newark should be granted.

Respectfully submitted,
PASHMAN STEIN WALDER HAYDEN
*Attorneys for City of Newark*

By: /s/*Raymond Brown*
     RAYMOND M. BROWN

Dated: August 23, 2024